# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| In re: ) | |
| ) | |
| KHRISHNA KUMAR AGRAWAL; ) | Case No. 16-11253-JDL |
| ) | Involuntary Chapter 7 |
| Debtor, ) | |
| ) | |
| KHRISHNA KUMAR AGRAWAL; ) | |
| ) | |
| Appellant, ) | |
| ) | |
| v. ) | Case No. CIV-17-0038-HE |
| ) | |
| CO&G PRODUCTION GROUP, L.L.C.; ) | |
| GREAT AMERICAN INSURANCE ) | |
| COMPANY; ACADIANA ) | |
| MAINTENANCE SERVICES; and, ) | |
| SPOON RESOURCES, L.L.C., ) | |
| ) | |
| Appellees. ) | |

## ORDER

Debtor/Appellant Khrishna Kumar Agrawal filed this appeal from the bankruptcy court's order granting relief pursuant to § 303 of the Bankruptcy Code. Four entities claiming to be creditors of Mr. Agrawal had filed an involuntary petition in April 2016. Mr. Agrawal moved to dismiss the petition on the basis that the petition was filed in bad faith and that a bona fide dispute existed as to petitioning creditors' debts. The bankruptcy court denied that motion, concluding that the involuntary petition was facially sufficient and that Mr. Agrawal's arguments did not warrant dismissal at that stage. He then answered, raising again the issue of whether petitioners were qualifying creditors holding claims which were "not contingent as to liability or the subject of a bona fide dispute as to

liability or amount …." *See* 11 U.S.C. § 303(b)(1). The petitioners' claims were based on state court judgments, and the bankruptcy court proceeded to consider whether the judgments met the § 303(b)(1) standard.

The court directed the parties to submit summaries of the state court proceedings resulting in the judgments and to submit briefs in support of their respective positions. On November 1, 2016, the court entered an order directed to the nature of the petitioning creditors' claims, addressing the fact that the particular claims at issue were state court judgments [Doc. #4-17]. It concluded that three of the four state court judgments qualified as non-default judgments which were either unappealed or appealed but unstayed.[1] Based on that determination, and applying what it viewed as the majority rule, the court concluded that the three judgments were not "the subject of a bona fide dispute as to liability" and hence were a proper basis for the involuntary petition.

Soon thereafter, the court conducted an evidentiary hearing directed to the further question of whether the debtor was paying his debts as they became due. *See* 11 U.S.C. § 303(h)(1). During that hearing, Mr. Agrawal sought to offer evidence directed to the underlying validity of the state court judgments, which the court excluded. He also sought the recusal of the bankruptcy judge, which was denied. On December 13, 2016, the court entered its order finding that Mr. Agrawal was not paying his debts as they became due

---

[1] *Debtor did not challenge the fact of the judgments or their status (i.e. appealed or not; stayed or not.) Rather, he challenged the underlying validity of the judgments, claiming they were the result of fraud or some other infirmity.*

and, incorporating the legal conclusions addressed in the November 1 order, granted the order for relief based on the involuntary petition.

Mr. Agrawal commenced this appeal on January 11, 2017. His various arguments are all to the effect that he was entitled, through offers of proof or otherwise, to challenge in the bankruptcy court the underlying validity of the state court judgments and that, because he was attempting to do so, a bond fide dispute exists as to them. The petitioning creditors, appellees here, argue that Mr. Agrawal's appeal was not timely and that the bankruptcy court's order was correct on the merits.

The court concludes it is unnecessary to address the substantive merit of the bankruptcy court's decision, as Mr. Agrawal's appeal is plainly untimely. The general rule is that appeals from a judgment, order or decree in bankruptcy "must be filed with the bankruptcy clerk within 14 days after entry of the judgment, order, or decree being appealed." Fed.R.Bankr.P. 8002(a)(1). This rule "is strictly construed and requires strict compliance." In re Herwit, 970 F.2d 709, 710 (10th Cir. 1992). Failing to file a timely notice of appeal creates a "jurisdictional defect barring appellate review." *Id*. Here, the final order being appealed was the order granting relief on December 13, 2016. Agrawal's notice of appeal was filed January 11, 2017, clearly past the 14-day filing deadline.

The general rule of fourteen days to appeal is subject to certain exceptions. Mr. Agrawal attempts to rely on the exception stated in Fed.R.Bankr.P. 8002(b), which potentially extends the appeal time if one of four types of motions is filed by a party in the meantime. Specifically, he asserts that his motion to lift automatic stay filed November 10, 2016, was actually a motion for "additional findings under Rule 7052" or a motion to

reconsider. However, a fair reading of the motion supports neither assertion. He plainly was not seeking additional findings from the bankruptcy court and his motion never mentioned Rule 7052. Rather, he was seeking relief from the automatic stay so that he could pursue his fraud and other theories in the state courts which rendered the various judgments. Similarly, the motion cannot plausibly be read as seeking to alter or amend a judgment, or for new trial. It did not ask for that relief and, in any event, the November 1 order was not a final order within the reach of those provisions.

Mr. Agrawal failed to file a timely notice of appeal and has not stated any valid basis for tolling or extending the appeal time. This court is therefore without jurisdiction to hear this appeal. The appeal is **DISMISSED**.

**IT IS SO ORDERED.**

Dated this 27th day of March, 2017

JOE HEATON
CHIEF U.S. DISTRICT JUDGE